# Exhibit A

**Click here to Respond to Selected Documents**

**Sort Date Entries:** Descending Ascending

**Display Options:** All Entries ⌄

**03/10/2025**

**Notice of Service**
Return of Service.
  **Filed By:** SARAH JESSICA DUGGAN
  **On Behalf Of:** STACIE MCCALL
**Corporation Served**
Document ID - 25-SMCC-1869; Served To - TRUMAN MEDICAL CENTER, INC.; Served Date - 02/27/2025; Served Time -
10:40:00; Service Type - SP; Reason Description - SERV; Service Text -DELIVERED A COPY OF SUMMONS TO AMANDA
O'NEILL; Updated Service Text - Document ID - 25-SMCC-1869; Served To - TRUMAN MEDICAL CENTER, INC.; Served Date -
02/27/2025; Served Time - 10:40:00; Service Type - SP; Reason Description - SERV; Service Text -DELIVERED A COPY OF
SUMMONS TO AMANDA O'NEILL

**02/25/2025**

**Summons Issued-Circuit**
Document ID: 25-SMCC-1869, for TRUMAN MEDICAL CENTER, INC..
**Order - Special Process Server**

**02/21/2025**

**Motion Special Process Server**
Motion for Appointment of Private Process Server.
  **Filed By:** SARAH JESSICA DUGGAN
  **On Behalf Of:** STACIE MCCALL

**02/20/2025**

**Correspondence Sent**
**Case Mgmt Conf Scheduled**

  **Scheduled For:** 06/09/2025; 9:00 AM; PATRICK CHARLES EDWARDS; Jackson - Kansas City

**02/17/2025**

**Filing Info Sheet eFiling**

  **Filed By:** SARAH JESSICA DUGGAN
**Motion Special Process Server**
Motion for Private Process Server.
  **Filed By:** SARAH JESSICA DUGGAN
  **On Behalf Of:** STACIE MCCALL
**Summ Req-Circuit Pers Serv**
Request for Summons.
  **Filed By:** SARAH JESSICA DUGGAN
  **On Behalf Of:** STACIE MCCALL
**Designation of Lead Attorney**
Designation of Lead Attorney of Record.
  **Filed By:** SARAH JESSICA DUGGAN
  **On Behalf Of:** STACIE MCCALL
**Confid Filing Info Sheet Filed**
Civil Filing Information Sheet.
  **Filed By:** SARAH JESSICA DUGGAN
  **On Behalf Of:** STACIE MCCALL
**CRIFS/Unredacted Document**
CRIF with Petition; CRIF Exhibit A; Exhibit B; Exhibit C in associated to Circuit Court filed on 02/17/2025.
  **Filed By:** SARAH JESSICA DUGGAN
  **On Behalf Of:** STACIE MCCALL
  **Associated Entries:** 02/17/2025 -
**Pet Filed in Circuit Ct**

  +

**Pet Filed in Circuit Ct**
Petition; Exhibit A; Exhibit B; Exhibit C.
  **Filed By:** SARAH JESSICA DUGGAN
  **On Behalf Of:** STACIE MCCALL
  **Associated Entries: 02/17/2025 - CRIFS/Unredacted Document   +**

Electronically Filed - JACKSON - KANSAS CITY - February 17, 2025 - 03:18 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | |
|---|---|
| STACIE MCCALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: _____ |
| | ) |
| TRUMAN MEDICAL CENTER, INC. D/B/A | ) |
| UNIVERSITY HEALTH – BEHAVIORAL | ) |
| HEALTH SERVICES | ) Division: _____ |
| *Serve:* Registered Agent | ) |
| Justus, Jolie L. | ) |
| 2301 Holmes Street | ) |
| Kansas City, MO 64108 | ) |
| | ) |
| Defendant. | ) |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff Stacie McCall, by and through her undersigned counsel, and for her petition against Defendant, Truman Medical Center, Inc. d/b/a University Health – Behavioral Health Services (hereinafter "Defendant"), states and alleges as follows:

**Overview of Action**

1.      The actions of Defendant violated the Missouri Human Rights Act, RSMo. § 213.010 *et seq.* ("MHRA"), in that Defendant discriminated against Plaintiff due to her disability and retaliated against her when she reported the same; Missouri's Whistleblower Protection Act, RSMo. Chapter 285.575, and Retaliation Under the False Claims Act, 31 U.S.C. § 3730(h), in that Plaintiff reported Medicaid fraud and was asked to participate in the fraud but refused and was retaliated against for her protected activity.

**Parties**

2.      Plaintiff is an individual who was an employee of Defendant.

3.     Defendant, Truman Medical Center d/b/a/ University Health – Behavioral Health Services is a corporation organized under the laws of the State of Missouri and is registered to do business in the State of Missouri. At all relevant times herein, Defendant had ownership, management, and operational control interest in its location at 300 W 19th Terrace Kansas City, MO 64108.

4.     At all times pertinent to this Petition, Plaintiff was an employee within the meaning of the MHRA.

5.     At all times pertinent to this Petition, Defendant was an employer governed by the MHRA.

<u>**Jurisdiction and Venue**</u>

6.     Defendant employed Plaintiff at its location in Jackson County, Missouri.

7.     Defendant engaged in discriminatory conduct in violation of the MHRA in Jackson County, Missouri.

8.     Plaintiff was first injured by Defendant's unlawful conduct in Jackson County, Missouri.

9.     This Court has personal jurisdiction over Defendant, pursuant to Missouri Rule of Civil Procedure 54.13(b)(3) because Defendant are domestic corporations subject to service of process by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof.

10.     This Court has personal jurisdiction over Defendant.

11.     Venue is proper with this Court pursuant to RSMo. § 508.010 and RSMo. § 213.111.

**Exhaustion of Administrative Remedies**

12.     On or about **November 20, 2023**, Plaintiff filed a timely charge of disability discrimination and retaliation against Defendant dually with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"). The Charge of Discrimination is attached hereto and incorporated by reference as though fully set forth herein as **Exhibit A**.

13.     On or about **May 3, 2024**, Plaintiff filed a timely amended charge of discrimination and retaliation against Defendant dually with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"). The Charge of Discrimination is attached hereto and incorporated by reference as though fully set forth herein as **Exhibit B**.

14.     On or about **February 11, 2025**, Plaintiff was issued her Right to Sue from the Missouri Commission on Human Rights ("MCHR"). The Right to Sue is attached hereto and incorporated by reference as though fully set forth herein as **Exhibit C**.

15.     This lawsuit was filed within two (2) years of Defendant's unlawful conduct.

16.     Plaintiff has met all deadlines and has satisfied all procedural, administrative, and judicial prerequisites to filing suit.

**General Factual Allegations**

17.     Plaintiff is a disabled female.

18.     Plaintiff began working for Defendant as a Licensed Mental Health Professional in December of 2021.

19.     Plaintiff remained employed in this position until her unlawful constructive discharge on January 5, 2024. While employed with Defendant, Plaintiff worked under the

Program Director, █████████████ , Assistant Director, ███████████ , Team Leader ███

███ , and Team Leader, ████████████ .

## **FALSE CLAIMS ACT RETALIATION**

20.     In February 2023, one of Plaintiff's supervisors,  directed Plaintiff to "back-date"

and bill Medicaid for some of Plaintiff's therapy services for a client who is named "Client 1" for

HIPAA purposes.

21.     Under   Defendant's program, a client is allowed a certain amount of "free" therapy

services.

22.     Client 1 had been seeing Plaintiff for approximately four (4) months.

23.     Plaintiff knew that back-dating services to charge for the entirety of those services

was fraud against the government and refused to participate.

24.     Plaintiff informed three supervisors   of the same.

25.     Later that month, on February 16, 2023, there was an all-staff meeting that was sold

to staff as a "safe" and "open" department meeting where they could air their grievances in order

to move forward in our department's goals and vision.

26.     The leadership told Plaintiff and the rest of the staff that no one in management

would intervene while issues were being discussed.

27.     However, as Plaintiff was talking, Plaintiff's second-line supervisor interrupted her

and began harassing her in front of the entire staff.

28.     Plaintiff asked her to stop, and Ms. ████ refused.

29.      Plaintiff was humiliated she began tearing up; she excused herself to use the

restroom and compose herself.

4

30.    Plaintiff returned to the meeting; her second line supervisor said, with pointed sarcasm:  I'm sorry your feelings were hurt."

31.    Plaintiff requested a meeting with management in order to discuss her individual concerns about her second line supervisor.

32.    In this meeting, management conceded that Plaintiff's second line supervisor had acted inappropriately and aggressively.

33.    On March 2, 2023, Plaintiff again reported to Defendant's management that she was being asked to commit Medicaid fraud by her second-line supervisor and that her second-line supervisor    was retaliating against her for refusing.

34.    Plaintiff also reported a previous incident where Plaintiff's second-line supervisor directed her to allow a student intern to "chart" under her name and credentials, which Plaintiff also knew to be illegal.

35.    On March 27, 2023, Plaintiff approached Defendant's management about her reports of fraud and retaliation.

36.    Instead of answering her questions, Defendant's management officer  responded by initiation an unwarranted critique  Plaintiff's job performance.

37.    Plaintiff informed management that she had come to talk about the fraud and the retaliation, and that she was not expecting criticism of her work.

38.    Defendant possessed policies and practices that would apply to an authentic performance review that were not followed.

39.    Plaintiff's job performance was more than adequate.

40.    That same month, in March 2023, Plaintiff hot-lined the Medicaid fraud information to the Defendant's manager designed by policy to receive fraud reports.

41.　Plaintiff never received a response or any follow-up from this report.

42.　In April 2023, Defendant's management held a meeting with Plaintiff's team without Plaintiff's second line supervisor.

43.　At this meeting, Plaintiff witnessed many concerning reports of sexual harassment, harassment/bullying, inappropriate statements, inappropriate touch, and lack of boundaries or professionalism against her second-line supervisor.

44.　Defendant's management official lblew these complaints off and said: "Oh she reminds me so much of me when I was young," and later that month expressed her approval of the second line supervisor and took the second-line supervisor on a vacation.

## DISABILITY DISCRIMINATION AND RETALIATION

45.　Plaintiff was professionally diagnosed with long-covid in September 2022, but she had experienced symptoms since January 2022, when she first contracted COVID-19.

46.　The condition had caused Plaintiff to have difficulty breathing, particularly in warm environments, and in the sun; the breathing issue was significant enough that it would prevent her from walking long distances.

47.　Plaintiff's breathing issue did not interfere with her ability to fulfill her job duties, and she was able to perform all of her essential functions at a high level.

48.　But then one day, Defendant's management decided to hold a team retreat outside at Loose Park in July of 2023

49.　When Plaintiff received the invitation to Loose Park in May 2023, she immediately informed her supervisor that due to her medical diagnosis, she could not attend.

50.　The supervisor told Plaintiff she was not excused and that "there is shade."

51.     On June 30, 2023, Plaintiff reached out to Human Resources because she feared she would face retaliation for reporting her disability and not attending the July 2023 outside event.

52.     Defendant's Human Resources    asked Plaintiff to fill out an accommodation form, which she did.

53.     Plaintiff did not hear back from my accommodation request before the outdoor meeting occurred.

54.     Plaintiff missed the outside retreat due to her health concerns.

55.     On July 28, 2023, Plaintiff received a call from ████████ in Occupational Health who informed Plaintiff that her request was only conditionally approved until she could provide a 30-day, daily log of when she was asked to work outside in 80 and over degree weather for more than 90 minutes.

56.     Plaintiff's request was amended and agreed upon by the    Program Director for the following: "The accommodation needed was to attend the all-day outside staff retreat remotely on July 5 (sic), 2023, due to the hot temperatures outdoors. No further accommodation is needed at this time.  Moving forward, if any accommodation is needed, we will request this on a situational basis."

57.     In June 2023, Plaintiff received a performance evaluation from her supervisor that concluded she "met expectations," yet contained scathing, unfounded criticism of her work.

58.     In Plaintiff's response to that review, she reported discrimination based on her disability;    that her report of illegal activity    was wholly ignored, never investigated, and disregarded.

59.     Plaintiff's review stated:

Stacie has had moments throughout the year when her behaviors do not align with the Personal Conduct Policy and have required coaching from leadership.

*Over the last year, behaviors such as abruptly leaving the room when in meetings, being defensive in meetings, avoidant behaviors, and refusing to attend meetings*

*"When Stacie communicates directly with leadership she has not always demonstrated appropriate professionalism exhibited by becoming tearful and/ or leaving the room. The lack of awareness of these behaviors has ed to concerns for settings outside of department meetings. Many of these instances have happened in front of RC's internal/external partners. Additionally, there have been concerns about expressing situations and experiences to her peers*

60.     Plaintiff also reported comments from other therapists such as "people are gay because of the hormones they put in cows", "some kids just need a good beating to understand what they need to do", and "being trans is just a fad."

61.     Because of the retaliatory performance review, Plaintiff asked for a meeting to discuss her concerns.

62.     On August 4, 2023, a meeting was held with Plaintiff, and two members of management.

63.     Ms. ████ insultingly told Plaintiff that she "had to pray" before their meeting, indicating she was nervous about her meeting with Plaintiff.

64.     At the end of the meeting, Ms. ████ requested that Plaintiff let her co-workers know they had a conversation; because "whether you like it or not, your peers see you as a leader" and "they will follow you."

65.     On November 8, 2023, Plaintiff was written up for using an "inappropriate tone" when she confessed feeling demoralized by the lack of resources to help patients, even though they had reported on surveys many times the need for more resources..

66.     Following this passing comment, Defendant initiated an investigation against Plaintiff and pressured her coworkers to write statements about her comment.

67. This "investigation" was a sham because it did not warrant any investigation, did not follow any policy, sought to intimidate witnesses and discourage reporting from other employees.

68. On January 5, 2024 Plaintiff could no longer bear the intolerable working conditions caused by her supervisor's obvious intent to force her to quit in retaliation for refusing to commit fraud, reporting the fraud, pushing back against the Defendant's decision to target her disability, and finally her supervisor's decision to concoct a a story to justify a sham investigation intent only to isolate her from her coworkers and undermine her ability to take care of patients; at that point, Defendant constructively discharged her.

### COUNT I
### Disability Discrimination Based Including a Hostile Work Environment in Violation of the Missouri Human Rights Act

69. Plaintiff incorporates all paragraphs and allegations of this Petition as if set forth herein.

70. Plaintiff was qualified to perform her job.

71. Plaintiff has a physical impairment which substantially limits one or more of her major life activities.

72. Plaintiff is regarded as having such an impairment and has a record of having such an impairment.

73. Plaintiff, with or without reasonable accommodation, could perform her job.

74. Defendant' did not make an attempt to reasonably accommodate Plaintiff, violating the MHRA.

75. Plaintiff's disability was a motivating factor in Defendant's negative treatment of Plaintiff.

9

76.     Plaintiff's disability actually played a role in and had a determinative influence on the discrimination, including her termination.

77.     Plaintiff previously experienced, and reported, disability discrimination during her employment tenure with Defendant.

78.     Management was aware of this discrimination, saw it and/or participated in it, but did nothing to eradicate it.

79.     The discrimination perpetrated against Plaintiff affected a term, condition, or privilege of Plaintiff's employment and/or was sufficiently severe or pervasive to alter or affect the conditions of Plaintiff's employment.

80.     Defendant failed to take appropriate and prompt remedial action in response to incidents of and complaints of disability discrimination and harassment.

81.     As a direct and proximate result of Defendant' discriminatory actions, Plaintiff sustained damages in the form of lost wages, loss of earning capacity, loss of career opportunity, pain and suffering, loss of enjoyment of life, humiliation, emotional distress, and damage to her reputation in an amount yet to be determined.

82.     Plaintiff respectfully requests that this Court enter judgment against Defendant for actual damages, special damages, attorneys' fees recoverable by statute, costs, and all such further relief the Court deems just and equitable. Plaintiffs reserve the right to assert a claim for punitive damages based on the outrageous, malicious, and reckless conduct alleged, as permitted by RSMo. § 510.261.

83.     As a direct and proximate result of Defendant's discriminatory actions, Plaintiff sustained damages in the following respects including, but not limited to, lost wages, loss of

earning capacity, loss of career opportunity, pain and suffering, loss of enjoyment of life, humiliation, emotional distress, and damage to her reputation in an amount yet to be determined.

84.     Plaintiff respectfully requests that this Court enter judgment against Defendant for actual damages, compensatory damages, punitive damages, and attorneys' fees recoverable by statute, costs, and all such further relief the Court deems just and equitable.

85.     Defendant's conduct was outrageous because of Defendant's evil motive or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to punitive damages in an amount that will punish Defendant and deter Defendant and others from like conduct.

86.     Any cap or limitation on Plaintiff's damages that may be imposed by RSMO § 213.111.4 (2017) is unconstitutional in that it violates Plaintiff's right to trial by jury, MO. CONST. art. I, § 22(a); separation of powers, MO. CONST. art. II, § 1; the right to equal protection, MO. CONST. art. I, § 2; the prohibition on special legislation, MO. CONST. art. III, § 40; and the right to due process. MO. CONST. art. I. § 10.

87.     Any cap or limitation on punitive damages is unconstitutional in that it violates Plaintiff's right to trial by jury, MO. CONST. art. I, § 22(a); separation of powers, MO. CONST. art. II, § 1; the right to equal protection, MO. CONST. art. I, § 2; the prohibition on special legislation, MO. CONST. art. III, § 40; and the right to due process. MO. CONST. art. I. § 10.

WHEREFORE Plaintiff requests that this Court enter judgment in Plaintiff's favor and against Defendant, finding that Plaintiff is the prevailing party, awarding Plaintiff damages as proven at trial, including front pay, back pay, and other actual damages, attorneys' fees and related litigation and enforcement costs and expenses, punitive damages and granting Plaintiff such other and further relief as the Court deems just and proper.

## Count II
### Retaliation Under the False Claims Act, 31 U.S.C. § 3730(h)

11

88.     Plaintiff incorporates by reference all paragraphs and allegations in this Peitions as though fully set forth herein.

89.     Plaintiff engaged in protected activity by reporting and lawfully trying to stop one or more violations of Medicaid Fraud, including unlawful billing by Defendants to Medicaid for services that were not covered, which violated the False Claims Act.

90.     Whether or not any actual Medicaid Fraud, violation occurred, Plaintiff reasonably and in good faith believed that the conduct described above constituted unlawful billing practices in violation of the Medicaid Fraud. She reported and responded to the apparent violations accordingly, including by going outside her normal chain of command to make specific warnings of violations of the False Claims Act.

91.     As alleged above, Defendants knew of Plaintiff's protected activity, including her continuous efforts to stop what appeared to be—and what she reasonably and in good faith believed to be—ongoing violations of the Medicaid Fraud.

92.     As alleged above, Defendants retaliated against Plaintiff because of her protected activity in trying to stop ongoing violations of the Medicaid Fraud, by subjecting her to a hostile work environment and taking a series of escalating and unwarranted adverse employment actions against her, including unwarranted investigations and eventual constructive discharge—all with pretextual justification or without any justification at all.

93.     As a direct result of Defendants' retaliatory conduct, Plaintiff has sustained compensatory and noncompensatory damages, including without limitation lost pay and benefits and emotional distress.

## COUNT III
**Retaliation in Violation of the Missouri Human Rights Act**

94.     Plaintiff incorporates all paragraphs and allegations of this Petition as if set forth herein.

95.     During her employment, Plaintiff complained to Defendant, objected to and/or opposed the harassment and/or discrimination by, among other things, complaining of discrimination.

96.     Plaintiff's complaints to Defendant about discrimination are protected activities under the MHRA.

97.     Plaintiff's complaints of discrimination motivated Defendant's actions, inactions, decisions, and/or conduct that affected the terms, conditions, and privileges of Plaintiff's employment as alleged herein.

98.     Defendant's actions and/or inactions constitute unlawful retaliation against Plaintiff in violation of the MHRA.

99.     Defendant retaliated against Plaintiff by subjecting her to different forms of harassment and terminating her employment.

100.    Plaintiff suffered adverse action in the form of retaliatory harassment and eventual termination of her employment as a result of her protected activity.

101.    Defendant took no remedial action in response to Plaintiff's complaints.

102.    Defendant's retaliation toward Plaintiff was because Plaintiff reported and opposed the discrimination.

103.    Defendant's conduct constitutes retaliation against Plaintiff in reckless disregard of Plaintiff's known rights.

13

104.    Defendant's actions as set forth above constitute a pattern and practice of retaliation in violation of the MHRA.

105.    Defendant's actions and/or inactions occurred by and/or through its agents, servants, and/or employees acting within the course and scope of their employment.

106.    As a direct and proximate result of Defendant's discriminatory actions, Plaintiff sustained damages in the following respects including, but not limited to, lost wages, loss of earning capacity, loss of career opportunity, pain and suffering, loss of enjoyment of life, humiliation, emotional distress, and damage to her reputation in an amount yet to be determined.

107.    Plaintiff respectfully requests that this Court enter judgment against Defendant for actual damages, compensatory damages, punitive damages, and attorneys' fees recoverable by statute, costs, and all such further relief the Court deems just and equitable.

108.    Plaintiff was damaged by the discrimination and harassment and is entitled to all remedies available to her as provided in the Missouri Human Rights Act, including but not limited to damages for loss of income, embarrassment, humiliation, emotional distress, damage to her reputation, diminution in earnings capacity, and other damages as yet undetermined, and Plaintiff is reasonably expected to suffer from such damages in the future.

109.    Defendant's conduct was outrageous because of Defendant's evil motive or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to punitive damages in an amount that will punish Defendant and deter Defendant and others from like conduct.

110.    Any cap or limitation on Plaintiff's damages that may be imposed by RSMO § 213.111.4 (2017) is unconstitutional in that it violates Plaintiff's right to trial by jury, Mo. Const. art. I, § 22(a); separation of powers, Mo. Const. art. II, § 1; the right to equal protection, Mo. Const,

Electronically Filed - JACKSON - KANSAS CITY - February 17, 2025 - 03:18 PM

art. I, § 2; the prohibition on special legislation, Mo. Const, art. III, § 40; and the right to due process. Mo. Const. art. I. § 10.

111.     Any cap or limitation on punitive damages is unconstitutional in that it violates Plaintiff's right to trial by jury, Mo. Const. art. I, § 22(a); separation of powers, Mo. Const, art. II, § 1; the right to equal protection, Mo. Const, art. I, § 2; the prohibition on special legislation, Mo. Const, art. III, § 40; and the right to due process. Mo. Const. art. I. § 10.

WHEREFORE, Plaintiff requests that this Court enter judgment in Plaintiff's favor and against Defendant, finding that Plaintiff is the prevailing party, awarding Plaintiff damages as proven at trial, including front pay, back pay, and other actual damages, attorneys' fees and related litigation and enforcement expenses, punitive damages and granting Plaintiff such other and further relief as the Court deems just and proper.

## COUNT IV
### Violation of the Missouri's Whistleblower Protection Act, RSMo Chapter 285.575

112.     Plaintiff incorporates all paragraphs and allegations of this Petition as if set forth herein.

113.     At all times ████ and ██████ were employees and agents of Defendants and were acting within the scope of their employer and/or agency, and Defendants are responsible for the action of █████ and ██████.

114.     Plaintiff is a protected person within the meaning of RSMo § 285.575, in that Plaintiff reported activity to █████ and ██████, which she believed was violation of state and/or federal law.

115.     Plaintiff's protected classification actually played a role in her discharge from employment with Defendant and had a determinative influence on her discharge from employment with Defendant.

116. As a direct and proximate result, Plaintiff has suffered actual damages in the form of lost back wages, consisting of lost salary, lost benefits and lost pension benefits.

117. In addition, Plaintiff is entitled to recover her costs and attorneys' fees pursuant to RSMo. § 285.575.8.

**<u>COUNT V</u>**
**Liquidated Damages**

118. The conduct of Defendant, through its agents Hoard and Sturdivant were outrageous because of Defendant's evil motive and reckless indifference to the rights of Plaintiff and others.

119. Plaintiff is entitled to double damages awarded with regards to back pay, including lost salary, lost benefits, and lost pension benefits.

120. In addition, Plaintiff is entitled to recover her costs and attorneys' fees pursuant to RSMo. § 285.575.8.

WHEREFORE, Plaintiff requests that this Court enter judgment in Plaintiff's favor and against Defendant, finding that Plaintiff is the prevailing party, awarding Plaintiff damages as proven at trial, including front pay, back pay, and other actual damages, attorneys' fees and related litigation and enforcement expenses, punitive damages and granting Plaintiff such other and further relief as just and proper.

BROWN, CURRY & DUGGAN, LLC

Sarah J. Duggan #73687
Dan Curry #58264
1600 Genessee STE 956

16

Kansas City, Missouri 64101
Ph: 816-756-5458
sduggan@brownandcurry.com
dan@brownandcurry.com

Electronically Filed - JACKSON - KANSAS CITY - February 17, 2025 - 03:18 PM

Electronically Filed - JACKSON - KANSAS CITY - February 17, 2025 - 03:18 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

|  |  |  |
|---|---|---|
| STACIE MCCALL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: _____ |
| TRUMAN MEDICAL CENTER, INC. D/B/A | ) | |
| UNIVERSITY HEALTH - BEHAVIORAL | ) | Division: _____ |
| HEALTH SERVICES | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DESIGNATION OF LEAD ATTORNEY OF RECORD**

Pursuant to Local Rules 3.5.1 and 3.5.2, Sarah Duggan of the law firm of

Brown, Curry & Duggan, LLC hereby gives notice to the Court, the parties, and all

counsel of record that he will serve as lead counsel on behalf of Plaintiff in the

above-captioned case.  Contact information is as follows.

Sarah Duggan, Brown, Curry & Duggan, LLC
1600 Genessee, Ste 956
Kansas City, MO 64102
T: (816)756-5458
F: (816)666-9596
sduggan@brownandcurry.com

Respectfully submitted,

_Sarah Duggan_

Sarah J. Duggan #73687
1600 Genessee St., Ste. 956
Kansas City, MO 64102
Tele: (816) 756-5458
Fax: (816_ 666-9596
sduggan@brownandcurry.com

ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2025, the foregoing document was electronically filed with the Clerk of the Court using the electronic filing system which automatically transmits a Notice of Electronic Filing to all counsel of record.

/s/ Sarah J. Duggan
ATTORNEY FOR PLAINTIFFS

Electronically Filed - JACKSON - KANSAS CITY - February 17, 2025 - 03:18 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

|  |  |  |
|---|---|---|
| STACIE MCCALL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: _____ |
| | ) | |
| TRUMAN MEDICAL CENTER, INC. D/B/A | ) | |
| UNIVERSITY HEALTH - BEHAVIORAL | ) | Division: _____ |
| HEALTH SERVICES | ) | |
| | ) | |
| *Serve:* Registered Agent | ) | |
| Justus, Jolie. L | ) | |
| 2301 Holmes Street | ) | |
| Kansas City, MO 64108 | ) | |
| | ) | |
| Defendant. | ) | |

<u>**REQUEST FOR SUMMONS**</u>

COMES NOW Plaintiff, and requests this Court to issue a Summons for service upon Defendant Truman Medical Center, Inc. d/b/a University Health – Behavioral Health Services.

Plaintiff requests that that the Circuit Court of Jackson County, Missouri issue a Summons to Defendant Truman Medical Center, Inc. d/b/a University Health – Behavioral Health Services at: Registered Agent Jolie L. Justus, 2301 Holmes Street, Kansas City, MO 64108.

Service will be made by via private process server.  Plaintiff's Petition was filed February 17, 2025.  Personal service has not been obtained at this time.

Respectfully submitted,

Electronically Filed - JACKSON - KANSAS CITY - February 17, 2025 - 03:18 PM

Sarah J. Duggan #73687
1600 Genessee St., Ste. 956
Kansas City, MO 64102
Tele: (816) 756-5458
Fax: (816_ 666-9596
sduggan@brownandcurry.com

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2025, the foregoing document was electronically filed with the Clerk of the Court using the electronic filing system which automatically transmits a Notice of Electronic Filing to all counsel of record.

/s/ Sarah J. Duggan
ATTORNEY FOR PLAINTIFFS

Electronically Filed - JACKSON - KANSAS CITY - February 17, 2025 - 03:18 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY**
**AT KANSAS CITY, MISSOURI**

Stacie McCall                    )
        Plaintiff/Petitioner,   )
VS.                       )       Case No.:_____
                       )
Truman Medical Center, Inc. d/b/a  )
University Health – Behavioral     )       Division No.:
Health Services             )
        Defendant/Respondent.   )

### MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff/Petitioner, by and through counsel, and pursuant to Local Rule 4.9 of Jackson County Court Rules, hereby moves for the appointment of HPS Process Service & Investigations, Inc.:

| | | | | | |
|---|---|---|---|---|---|
| William | Acree | PPS25-0134 | Keith | Blanchard | PPS25-0149 |
| Paul | Aizel | PPS25-0135 | Eddie | Bland | PPS25-0150 |
| Mark | Allen | PPS25-0136 | Diana | Blea | PPS25-0151 |
| Sandra | Allen | PPS25-0137 | Richard | Blea | PPS25-0152 |
| Tracy | Arnold | PPS25-0138 | Thomas | Bogue | PPS25-0153 |
| Jeffrey | Aronson | PPS25-0321 | Raymond | Brandy | PPS25-0154 |
| Brian | Bankowski | PPS25-0139 | Kathy | Broom | PPS25-0155 |
| Tarah | Beaulieu | PPS25-0140 | Gary | Burt | PPS25-0156 |
| Richard | Benito | PPS25-0141 | Adam | Burton | PPS25-0157 |
| Brenda | Benoit | PPS25-0142 | Veronica | Calderon | PPS25-0158 |
| Allison | Bernardo | PPS25-0143 | Karen | Calkins | PPS25-0159 |
| Daniela | Bert | PPS25-0144 | Bobby | Calvert | PPS25-0160 |
| Matthew | Bert | PPS25-0145 | Anna | Canole | PPS25-0161 |
| David | Biddle | PPS25-0146 | Justin | Carlson | PPS25-0162 |
| Nicholas | Bill | PPS25-0147 | Charles | Casey | PPS25-0163 |
| Bryan | Blair | PPS25-0148 | Gina | Cash | PPS25-0164 |
| | | | George | Castillo | PPS25-0165 |

| | | |
|---|---|---|
| Lori | Cole | PPS25-0166 |
| Krehl | Coleman | PPS25-0167 |
| Susan | Collins | PPS25-0168 |
| Chad | Compton | PPS25-0169 |
| James | Cox | PPS25-0018 |
| James R. | Cox | PPS25-0170 |
| Kimberley | Cox | PPS25-0171 |
| Dennis | Dahlberg | PPS25-0021 |
| Maria | Darling | PPS25-0172 |
| Bryce | Dearborn | PPS25-0173 |
| Robert | DeLacy III | PPS25-0174 |
| Robert | DeLacy Jr | PPS25-0175 |
| Dominic | DellaPorte | PPS25-0176 |
| Cheryl | Dofelmire | PPS25-0177 |
| Claudia | Dohn | PPS25-0178 |
| Amy | Donarski | PPS25-0179 |
| Aaron | Donarski Sr. | PPS25-0180 |
| Dale | Dorning | PPS25-0181 |
| Catherine | Drake | PPS25-0182 |
| John | Dressler | PPS25-0183 |
| Rebecca | Dressler | PPS25-0184 |
| Terrence | Drew | PPS25-0185 |
| Michael | Dunard | PPS25-0186 |
| Josh | Dunn | PPS25-0187 |
| Randy | Earl | PPS25-0188 |

| | | |
|---|---|---|
| Courtney | Edwards | PPS25-0189 |
| Christopher | Eixenberger | PPS25-0190 |
| Sheri | Eixenberger | PPS25-0191 |
| Abel | Emiru | PPS25-0192 |
| Donald | Eskra Jr. | PPS25-0193 |
| Cindy | Ethridge | PPS25-0031 |
| Larry | Evans | PPS25-0194 |
| Robert | Fairbanks | PPS25-0195 |
| Ryan | Fortune | PPS25-0196 |
| Melissa | Fritz | PPS25-0197 |
| Richard | Gerber | PPS25-0198 |
| Adam | Golden | PPS25-0199 |
| Bradley | Gordon | PPS25-0200 |
| Kimberly | Greenway | PPS25-0201 |
| Dawn | Griffin-Luce | PPS25-0202 |
| Paul | Grimes | PPS25-0203 |
| Charles | Gunndug | PPS25-0204 |
| Mark | Hagood | PPS25-0205 |
| James | Harvey Jr. | PPS25-0206 |
| Grace | Hazell | PPS25-0207 |
| Stephen | Heitz | PPS25-0208 |
| Austen | Hendrickson | PPS25-0209 |
| Elizabeth | Henson | PPS25-0210 |
| Michael | Hibler | PPS25-0211 |
| Trinity | Hibler | PPS25-0212 |

| | | |
|---|---|---|
| Averi | Holman | PPS25-0213 |
| Jenna | Holt | PPS25-0214 |
| Parry | Howell | PPS25-0215 |
| Martin | Hueckel | PPS25-0216 |
| Michael D | Huffman | PPS25-0217 |
| Pamela S | Huffman | PPS25-0218 |
| Anthony | Ivarone | PPS25-0219 |
| George | Illidge | PPS25-0220 |
| Frank | James | PPS25-0221 |
| Matthew | Jankowski | PPS25-0222 |
| Zachary | Jenkins | PPS25-0223 |
| Betty | Johnson | PPS25-0224 |
| Kevin | Johnson | PPS25-0225 |
| Ron | Johnson | PPS25-0226 |
| Patrick | Jones | PPS25-0227 |
| Kenneth | Kearney | PPS25-0228 |
| Kenneth | Klewicki | PPS25-0229 |
| Janice | Kirkhart | PPS25-0056 |
| Tyler | Kirkhart | PPS25-0057 |
| Brent | Kirkhart | PPS25-0058 |
| Anthony | Ko | PPS25-0230 |
| Michele | Kriner | PPS25-0231 |
| Casey | Lanford | PPS25-0232 |
| Marcus | Lawing | PPS25-0233 |
| Jennifer | Lecuyer | PPS25-0318 |

| | | |
|---|---|---|
| John | Lichtenegger | PPS25-0234 |
| Bryan | Liebhart | PPS25-0235 |
| Bert | Lott | PPS25-0236 |
| Robert | Maliuuk | PPS25-0237 |
| Winnonna | Maliuuk | PPS25-0238 |
| Bonnie | Marvin | PPS25-0239 |
| Michael | McMahon | PPS25-0240 |
| Michael | Meador | PPS25-0241 |
| James | Meadows | PPS25-0242 |
| Krista | Meadows | PPS25-0243 |
| Jerry | Melber | PPS25-0244 |
| Carrie | Melte | PPS25-0245 |
| Eric | Mendenhall | PPS25-0246 |
| Matthew | Millhollin | PPS25-0247 |
| Carla | Monegain | PPS25-0248 |
| Spencer | Mongtomery | PPS25-0249 |
| Christopher | Moore | PPS25-0250 |
| Daniel | Moore | PPS25-0251 |
| Michael | Morrison | PPS25-0252 |
| Nancy | Muchnick | PPS25-0253 |
| Kelly | Murski | PPS25-0254 |
| Paul | Nardizzi | PPS25-0255 |
| Lance | Neff | PPS25-0256 |
| Wendy | Neff | PPS25-0257 |
| Jeremy | Nicholas | PPS25-0079 |

| | | |
|---|---|---|
| Aubrianna | Nichols | PPS25-0258 |
| Diana | Nichols | PPS25-0259 |
| Jeffrey | Nichols | PPS25-0260 |
| Carla | Niekamp | PPS25-0359 |
| Michael | Noble | PPS25-0261 |
| Michael J. | Noble | PPS25-0080 |
| Daryl | Oestreich | PPS25-0262 |
| Daniel | Owens | PPS25-0263 |
| Craig | Palmer | PPS25-0264 |
| Cynthia | Paris | PPS25-0265 |
| M. Frederick | Parson | PPS25-0266 |
| Cody | Patton | PPS25-0267 |
| Vincent | Piazza | PPS25-0268 |
| Timothy | Pinney | PPS25-0269 |
| Nancy | Porter | PPS25-0270 |
| Mason | Potter | PPS25-0271 |
| Benjamin | Purser | PPS25-0272 |
| Jason | Ramey | PPS25-0319 |
| Jadyn | Ramey | PPS25-0320 |
| Richard | Ramirez | PPS25-0273 |
| Christopher | Reed | PPS25-0274 |
| Gavin | Rees | PPS25-0275 |
| Lisa | Rees | PPS25-0276 |
| Cheryl | Richey | PPS25-0277 |
| Chase | Ridgeway | PPS25-0278 |

| | | |
|---|---|---|
| Richard | Rober | PPS25-0279 |
| David | Roberts | PPS25-0280 |
| Patricia | Roberts | PPS25-0281 |
| Richard | Ross Jr. | PPS25-0282 |
| Steve | Rozhon | PPS25-0283 |
| Rene Ann | Rulo | PPS25-0284 |
| Robert | Sanders | PPS25-0285 |
| Vincent | Sarelli | PPS25-0286 |
| Tristan | Seaver | PPS25-0287 |
| Westley | Seifert | PPS25-0288 |
| Terri Lynn | Shean-Gilam | PPS25-0289 |
| Katie | Shiflett | PPS25-0290 |
| Kenneth | Short | PPS25-0291 |
| Jordan | Sitarski | PPS25-0292 |
| Thomas | Skinner | PPS25-0293 |
| Bryan | Smith | PPS25-0294 |
| Brian | Smith | PPS25-0295 |
| Garrett | Smith | PPS25-0296 |
| Gean | Smith | PPS25-0297 |
| Katie Jo | Smith | PPS25-0298 |
| Anthony | Spada | PPS25-0299 |
| Melissa | Spencer-Bryant | PPS25-0300 |
| Samuel | Staton | PPS25-0301 |
| Shelby | Stauble | PPS25-0302 |
| Jason | Stoor | PPS25-0303 |

| | | | | | |
|---|---|---|---|---|---|
| Steven | Stosur | PPS25-0304 | Ryan E. | Weekley | PPS25-0120 |
| Ramona | Talvacchio | PPS25-0305 | Austin | Weekley | PPS25-0121 |
| Jeffrey | Teitel | PPS25-0306 | Ryan M. | Weekley | PPS25-0122 |
| John | Thompson | PPS25-0307 | Barbara | West | PPS25-0312 |
| John | Udy | PPS25-0308 | Crystal | Williams | PPS25-0313 |
| Robert E. | Vick II | PPS25-0116 | Jack L. | Williams | PPS25-0314 |
| Brad | Votaw | PPS25-0117 | Gregory | Willing | PPS25-0315 |
| Zachary | Wakid | PPS25-0309 | Conni | Wilson | PPS25-0128 |
| Ambiko | Wallace | PPS25-0310 | Edwin | Young | PPS25-0316 |
| Stephen | Waters | PPS25-0119 | Nick | Zotti | PPS25-0317 |
| Michael | Weaver | PPS25-0311 | | | |

as private process servers in the above-captioned matter.  In support of said motion, Plaintiff/Petitioner states that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file is current and still correct.

Respectfully Submitted,

Sarah J. Duggan #73687
1600 Genessee St., Ste. 956
Kansas City, MO 64102
Tele: (816) 756-5458
Fax: (816_ 666-9596
sduggan@brownandcurry.com
Attorney for Plaintiff

### <u>ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER</u>

It is hereby ordered that Petitioner/Plaintiff's Motion for Appointment of Private Process Server is sustained and that HPS Process Service & Investigations and the above named individuals are hereby appointed to serve process in the above captioned matter.

DATE: _____          _____

Judge or Circuit Clerk

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

STACIE MCCALL,

                **PLAINTIFF(S),**             **CASE NO.  2516-CV04651**

VS.                                     **DIVISION 4**

TRUMAN MEDICAL CENTER, INC.,

                **DEFENDANT(S).**

**NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
AND ORDER FOR MEDIATION**

_____

      NOTICE IS HEREBY GIVEN that this case is currently assigned to the Honorable PATRICK CHARLES EDWARDS and a Case Management Conference will be held with the Honorable PATRICK CHARLES EDWARDS on **09-JUN-2025** in **DIVISION 4** at **09:00 AM,** pursuant to Administrative Order.  All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting.  Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1.  Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file.  All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1.  A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2.  The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS.  Civil Records does not update attorney information from answers or other pleadings.  The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

    a.      A trial setting;

    b.      Expert Witness Disclosure Cutoff Date;

    c.      A schedule for the orderly preparation of the case for trial;

    d.      Any issues which require input or action by the Court;

    e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **PATRICK CHARLES EDWARDS**
PATRICK CHARLES EDWARDS, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
SARAH JESSICA DUGGAN, 312 W, KANSAS CITY, MO 64112

Defendant(s):
 TRUMAN MEDICAL CENTER, INC.
 Dated: 20-FEB-2025                          BEVERLY A. NEWMAN
                                            Court Administrator

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☒ AT KANSAS CITY    ☐ AT INDEPENDENCE

**RE**:    **STACIE MCCALL V TRUMAN MEDICAL CENTER, INC.**
**CASE NO:**    **2516-CV04651**

**TO:**    **SARAH JESSICA DUGGAN**
      **312 W**
      **KANSAS CITY, MO 64112**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on <u>02/17/25</u>. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12 SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒   **OTHER:**    **Please refile your motion/proposed order for private process server as "MATTHEW BERT, JAMES R COX PPS25-0170, MICHAEL NOBLE PPS25-0261 and ANTHONY IVARONE" are not an approved process server for Jackson County. For reference please double check https://www.16thcircuit.org/private-process-server-approval-list. For questions please contact at 816-881-3970.**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**<u>If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost. Collection efforts will be pursued for these costs.</u>**

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed FEBRUARY 20, 2025 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

FEBRUARY 20, 2025        By _____
      Date                               Deputy Court Administrator
                                        ☒ 415 East 12th St., Kansas City, Missouri 64106
                                        ☐ 308 W. Kansas, Independence, Missouri 64050

**IN THE CIRCUIT COURT OF JACKSON COUNTY
AT KANSAS CITY, MISSOURI**

Stacie McCall

_____ )
       Plaintiff/Petitioner,    )
VS.                  )       Case No.:2516-CV04651
                     )
Truman Medical Center, Inc.   )       Division No.: 4
       Defendant/Respondent.  )

**MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

COMES NOW Plaintiff/Petitioner, by and through counsel, and pursuant to Local Rule 4.9 of Jackson County Court Rules, hereby moves for the appointment of HPS Process Service & Investigations, Inc.:

| | | | | | | |
|---|---|---|---|---|---|---|
| William | Acree | PPS25-0134 | | Diana | Blea | PPS25-0151 |
| Paul | Aizel | PPS25-0135 | | Richard | Blea | PPS25-0152 |
| Mark | Allen | PPS25-0136 | | Thomas | Bogue | PPS25-0153 |
| Sandra | Allen | PPS25-0137 | | Raymond | Brandy | PPS25-0154 |
| Tracy | Arnold | PPS25-0138 | | Kathy | Broom | PPS25-0155 |
| Jeffrey | Aronson | PPS25-0321 | | James | Burke | PPS25-0379 |
| Brian | Bankowski | PPS25-0139 | | Gary | Burt | PPS25-0156 |
| Tarah | Beaulieu | PPS25-0140 | | Adam | Burton | PPS25-0157 |
| Richard | Benito | PPS25-0141 | | Steve | Butcher | PPS25-0380 |
| Brenda | Benoit | PPS25-0142 | | Veronica | Calderon | PPS25-0158 |
| Allison | Bernardo | PPS25-0143 | | Karen | Calkins | PPS25-0159 |
| Daniela | Bert | PPS25-0144 | | Bobby | Calvert | PPS25-0160 |
| Mathew | Bert | PPS25-0145 | | Anna | Canole | PPS25-0161 |
| David | Biddle | PPS25-0146 | | Justin | Carlson | PPS25-0162 |
| Nicholas | Bill | PPS25-0147 | | Charles | Casey | PPS25-0163 |
| Bryan | Blair | PPS25-0148 | | Gina | Cash | PPS25-0164 |
| Keith | Blanchard | PPS25-0149 | | George | Castillo | PPS25-0165 |
| Eddie | Bland | PPS25-0150 | | Lori | Cole | PPS25-0166 |
| | | | | Krehl | Coleman | PPS25-0167 |

| | | |
|---|---|---|
| Susan | Collins | PPS25-0168 |
| Chad | Compton | PPS25-0169 |
| James | Cox | PPS25-0018 |
| Kimberley | Cox | PPS25-0171 |
| Dennis | Dahlberg | PPS25-0021 |
| Maria | Darling | PPS25-0172 |
| Bryce | Dearborn | PPS25-0173 |
| Robert | DeLacy III | PPS25-0174 |
| Robert | DeLacy Jr | PPS25-0175 |
| Dominic | DellaPorte | PPS25-0176 |
| Cheryl | Dofelmire | PPS25-0177 |
| Claudia | Dohn | PPS25-0178 |
| Amy | Donarski | PPS25-0179 |
| Aaron | Donarski Sr. | PPS25-0180 |
| Dale | Dorning | PPS25-0181 |
| Catherine | Drake | PPS25-0182 |
| John | Dressler | PPS25-0183 |
| Rebecca | Dressler | PPS25-0184 |
| Terrence | Drew | PPS25-0185 |
| Michael | Dunard | PPS25-0186 |
| Josh | Dunn | PPS25-0187 |
| Randy | Earl | PPS25-0188 |
| Courtney | Edwards | PPS25-0189 |
| Christopher | Eixenberger | PPS25-0190 |
| Sheri | Eixenberger | PPS25-0191 |

| | | |
|---|---|---|
| Abel | Emiru | PPS25-0192 |
| Donald | Eskra Jr. | PPS25-0193 |
| Cindy | Ethridge | PPS25-0031 |
| Larry | Evans | PPS25-0194 |
| Robert | Fairbanks | PPS25-0195 |
| Ryan | Fortune | PPS25-0196 |
| Melissa | Fritz | PPS25-0197 |
| Richard | Gerber | PPS25-0198 |
| Kurie | Ghersini | PPS25-0385 |
| Adam | Golden | PPS25-0199 |
| Bradley | Gordon | PPS25-0200 |
| Kimberly | Greenway | PPS25-0201 |
| Dawn | Griffin-Luce | PPS25-0202 |
| Paul | Grimes | PPS25-0203 |
| Charles | Gunndug | PPS25-0204 |
| Mark | Hagood | PPS25-0205 |
| John | Harder | PPS25-0387 |
| Christy | Hartline | PPS25-0389 |
| James | Harvey Jr. | PPS25-0206 |
| Grace | Hazell | PPS25-0207 |
| Stephen | Heitz | PPS25-0208 |
| Austen | Hendrickson | PPS25-0209 |
| Elizabeth | Henson | PPS25-0210 |
| Michael | Hibler | PPS25-0211 |
| Trinity | Hibler | PPS25-0212 |

| | | | | | |
|---|---|---|---|---|---|
| Averi | Holman | PPS25-0213 | Jennifer | Lecuyer | PPS25-0318 |
| Jenna | Holt | PPS25-0214 | John | Lichtenegger | PPS25-0234 |
| Parry | Howell | PPS25-0215 | Bryan | Liebhart | PPS25-0235 |
| Martin | Hueckel | PPS25-0216 | Bert | Lott | PPS25-0236 |
| Michael D | Huffman | PPS25-0217 | Robert | Maliuuk | PPS25-0237 |
| Pamela S | Huffman | PPS25-0218 | Winnonna | Maliuuk | PPS25-0238 |
| Anthony | Iavarone | PPS25-0219 | Bonnie | Marvin | PPS25-0239 |
| George | Illidge | PPS25-0220 | Michael | McMahon | PPS25-0240 |
| Frank | James | PPS25-0221 | Michael | Meador | PPS25-0241 |
| Matthew | Jankowski | PPS25-0222 | James | Meadows | PPS25-0242 |
| Zachary | Jenkins | PPS25-0223 | Krista | Meadows | PPS25-0243 |
| Betty | Johnson | PPS25-0224 | Jerry | Melber | PPS25-0244 |
| Kevin | Johnson | PPS25-0225 | Carrie | Melte | PPS25-0245 |
| Ron | Johnson | PPS25-0226 | Eric | Mendenhall | PPS25-0246 |
| Patrick | Jones | PPS25-0227 | Matthew | Millhollin | PPS25-0247 |
| Kenneth | Kearney | PPS25-0228 | Carla | Monegain | PPS25-0248 |
| Ken | Klewicki | PPS25-0229 | Spencer | Montgomery | PPS25-0249 |
| Janice | Kirkhart | PPS25-0056 | Christopher | Moore | PPS25-0250 |
| Tyler | Kirkhart | PPS25-0057 | Daniel | Moore | PPS25-0251 |
| Brent | Kirkhart | PPS25-0058 | Michael | Morrison | PPS25-0252 |
| Anthony | Ko | PPS25-0230 | Nancy | Muchnick | PPS25-0253 |
| Michele | Kriner | PPS25-0231 | Kelly | Murski | PPS25-0254 |
| Wyman | Kroft | PPS25-0412 | Paul | Nardizzi | PPS25-0255 |
| Casey | Lanford | PPS25-0232 | Lance | Neff | PPS25-0256 |
| Marcus | Lawing | PPS25-0233 | Wendy | Neff | PPS25-0257 |

| | | |
|---|---|---|
| Jeremy | Nicholas | PPS25-0079 |
| Aubrianna | Nichols | PPS25-0258 |
| Diana | Nichols | PPS25-0259 |
| Jeffrey | Nichols | PPS25-0260 |
| Carla | Niekamp | PPS25-0359 |
| Michael | Noble | PPS25-0080 |
| Daryl | Oestreich | PPS25-0262 |
| Branson | Oxford | PPS25-0394 |
| Daniel | Owens | PPS25-0263 |
| Craig | Palmer | PPS25-0264 |
| Cynthia | Paris | PPS25-0265 |
| M. Frederick | Parsons | PPS25-0266 |
| Cody | Patton | PPS25-0267 |
| Vincent | Piazza | PPS25-0268 |
| Timothy | Pinney | PPS25-0269 |
| Nancy | Porter | PPS25-0270 |
| Mason | Potter | PPS25-0271 |
| Benjamin | Purser | PPS25-0272 |
| Jason | Ramey | PPS25-0319 |
| Jadyn | Ramey | PPS25-0320 |
| Richard | Ramirez | PPS25-0273 |
| Christopher | Reed | PPS25-0274 |
| Gavin | Rees | PPS25-0275 |
| Lisa | Rees | PPS25-0276 |
| Cheryl | Richey | PPS25-0277 |

| | | |
|---|---|---|
| Chase | Ridgeway | PPS25-0278 |
| Richard | Rober | PPS25-0279 |
| David | Roberts | PPS25-0280 |
| Patricia | Roberts | PPS25-0281 |
| Richard | Ross Jr. | PPS25-0282 |
| Steve | Rozhon | PPS25-0283 |
| Rene Ann | Rulo | PPS25-0284 |
| Robert | Sanders | PPS25-0285 |
| Vincent | Sarelli | PPS25-0286 |
| Tristan | Seaver | PPS25-0287 |
| Westley | Seifert | PPS25-0288 |
| Terri Lynn | Shean-Gilam | PPS25-0289 |
| Katie | Shiflett | PPS25-0290 |
| Kenneth | Short | PPS25-0291 |
| Jordan | Sitarski | PPS25-0292 |
| Thomas | Skinner | PPS25-0293 |
| Bryan | Smith | PPS25-0294 |
| Brian | Smith | PPS25-0295 |
| Garrett | Smith | PPS25-0296 |
| Gean | Smith | PPS25-0297 |
| Katie Jo | Smith | PPS25-0298 |
| Anthony | Spada | PPS25-0299 |
| Melissa | Spencer-Bryant | PPS25-0300 |
| Samuel | Staton | PPS25-0301 |
| Shelby | Stauble | PPS25-0302 |

| | | |
|---|---|---|
| Frances | Stewart | PPS25-0399 |
| Jason | Stoor | PPS25-0303 |
| Steven | Stosur | PPS25-0304 |
| Joshua | Swanson | PPS25-0401 |
| Cody | Swartz | PPS25-0402 |
| Ravon | Swindell | PPS25-0403 |
| Ramona | Talvacchio | PPS25-0305 |
| Jeffrey | Teitel | PPS25-0306 |
| John | Thompson | PPS25-0307 |
| John | Udy | PPS25-0308 |
| Robert | Vick II | PPS25-0116 |
| Brad | Votaw | PPS25-0117 |
| Zachary | Wakid | PPS25-0309 |
| Ambiko | Wallace | PPS25-0310 |

| | | |
|---|---|---|
| Stephen | Waters | PPS25-0119 |
| Michael | Weaver | PPS25-0311 |
| Ryan E. | Weekley | PPS25-0120 |
| Austin | Weekley | PPS25-0121 |
| Ryan M. | Weekley | PPS25-0122 |
| Barbara | West | PPS25-0312 |
| Crystal | Williams | PPS25-0313 |
| Jack L. | Williams | PPS25-0314 |
| Gregory | Willing | PPS25-0315 |
| Conni | Wilson | PPS25-0128 |
| Edwin | Young | PPS25-0316 |
| Nick | Zotti | PPS25-0317 |
| | | |

as private process servers in the above-captioned matter. In support of said motion, Plaintiff/Petitioner states that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file is current and still correct.

Respectfully Submitted,
Sarah J. Duggan #73687
1600 Genessee St., Ste. 956
Kansas City, MO 64102
Tele: (816) 756-5458
Fax: (816_ 666-9596
sduggan@brownandcurry.com
Attorney for Plaintiff

**ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

It is hereby ordered that Petitioner/Plaintiff's Motion for Appointment of Private Process Server is sustained and that HPS Process Service & Investigations and the above named individuals are hereby appointed to serve process in the above captioned matter.

DATE: _____          _____
                                                                      Judge or Circuit Clerk

**IN THE CIRCUIT COURT OF JACKSON COUNTY**
**AT KANSAS CITY, MISSOURI**

Stacie McCall

_____ )
       Plaintiff/Petitioner,    )
VS.                 )       Case No.:2516-CV04651
                 )
Truman Medical Center, Inc.   )       Division No.: 4
       Defendant/Respondent.   )

**MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

COMES NOW Plaintiff/Petitioner, by and through counsel, and pursuant to Local Rule 4.9 of Jackson County Court Rules, hereby moves for the appointment of HPS Process Service & Investigations, Inc.:

| | | | | | |
|---|---|---|---|---|---|
| William | Acree | PPS25-0134 | Diana | Blea | PPS25-0151 |
| Paul | Aizel | PPS25-0135 | Richard | Blea | PPS25-0152 |
| Mark | Allen | PPS25-0136 | Thomas | Bogue | PPS25-0153 |
| Sandra | Allen | PPS25-0137 | Raymond | Brandy | PPS25-0154 |
| Tracy | Arnold | PPS25-0138 | Kathy | Broom | PPS25-0155 |
| Jeffrey | Aronson | PPS25-0321 | James | Burke | PPS25-0379 |
| Brian | Bankowski | PPS25-0139 | Gary | Burt | PPS25-0156 |
| Tarah | Beaulieu | PPS25-0140 | Adam | Burton | PPS25-0157 |
| Richard | Benito | PPS25-0141 | Steve | Butcher | PPS25-0380 |
| Brenda | Benoit | PPS25-0142 | Veronica | Calderon | PPS25-0158 |
| Allison | Bernardo | PPS25-0143 | Karen | Calkins | PPS25-0159 |
| Daniela | Bert | PPS25-0144 | Bobby | Calvert | PPS25-0160 |
| Mathew | Bert | PPS25-0145 | Anna | Canole | PPS25-0161 |
| David | Biddle | PPS25-0146 | Justin | Carlson | PPS25-0162 |
| Nicholas | Bill | PPS25-0147 | Charles | Casey | PPS25-0163 |
| Bryan | Blair | PPS25-0148 | Gina | Cash | PPS25-0164 |
| Keith | Blanchard | PPS25-0149 | George | Castillo | PPS25-0165 |
| Eddie | Bland | PPS25-0150 | Lori | Cole | PPS25-0166 |
| | | | Krehl | Coleman | PPS25-0167 |

| | | | | | |
|---|---|---|---|---|---|
| Susan | Collins | PPS25-0168 | Abel | Emiru | PPS25-0192 |
| Chad | Compton | PPS25-0169 | Donald | Eskra Jr. | PPS25-0193 |
| James | Cox | PPS25-0018 | Cindy | Ethridge | PPS25-0031 |
| Kimberley | Cox | PPS25-0171 | Larry | Evans | PPS25-0194 |
| Dennis | Dahlberg | PPS25-0021 | Robert | Fairbanks | PPS25-0195 |
| Maria | Darling | PPS25-0172 | Ryan | Fortune | PPS25-0196 |
| Bryce | Dearborn | PPS25-0173 | Melissa | Fritz | PPS25-0197 |
| Robert | DeLacy III | PPS25-0174 | Richard | Gerber | PPS25-0198 |
| Robert | DeLacy Jr | PPS25-0175 | Kurie | Ghersini | PPS25-0385 |
| Dominic | DellaPorte | PPS25-0176 | Adam | Golden | PPS25-0199 |
| Cheryl | Dofelmire | PPS25-0177 | Bradley | Gordon | PPS25-0200 |
| Claudia | Dohn | PPS25-0178 | Kimberly | Greenway | PPS25-0201 |
| Amy | Donarski | PPS25-0179 | Dawn | Griffin-Luce | PPS25-0202 |
| Aaron | Donarski Sr. | PPS25-0180 | Paul | Grimes | PPS25-0203 |
| Dale | Dorning | PPS25-0181 | Charles | Gunndug | PPS25-0204 |
| Catherine | Drake | PPS25-0182 | Mark | Hagood | PPS25-0205 |
| John | Dressler | PPS25-0183 | John | Harder | PPS25-0387 |
| Rebecca | Dressler | PPS25-0184 | Christy | Hartline | PPS25-0389 |
| Terrence | Drew | PPS25-0185 | James | Harvey Jr. | PPS25-0206 |
| Michael | Dunard | PPS25-0186 | Grace | Hazell | PPS25-0207 |
| Josh | Dunn | PPS25-0187 | Stephen | Heitz | PPS25-0208 |
| Randy | Earl | PPS25-0188 | Austen | Hendrickson | PPS25-0209 |
| Courtney | Edwards | PPS25-0189 | Elizabeth | Henson | PPS25-0210 |
| Christopher | Eixenberger | PPS25-0190 | Michael | Hibler | PPS25-0211 |
| Sheri | Eixenberger | PPS25-0191 | Trinity | Hibler | PPS25-0212 |

| | | |
|---|---|---|
| Averi | Holman | PPS25-0213 |
| Jenna | Holt | PPS25-0214 |
| Parry | Howell | PPS25-0215 |
| Martin | Hueckel | PPS25-0216 |
| Michael D | Huffman | PPS25-0217 |
| Pamela S | Huffman | PPS25-0218 |
| Anthony | Iavarone | PPS25-0219 |
| George | Illidge | PPS25-0220 |
| Frank | James | PPS25-0221 |
| Matthew | Jankowski | PPS25-0222 |
| Zachary | Jenkins | PPS25-0223 |
| Betty | Johnson | PPS25-0224 |
| Kevin | Johnson | PPS25-0225 |
| Ron | Johnson | PPS25-0226 |
| Patrick | Jones | PPS25-0227 |
| Kenneth | Kearney | PPS25-0228 |
| Ken | Klewicki | PPS25-0229 |
| Janice | Kirkhart | PPS25-0056 |
| Tyler | Kirkhart | PPS25-0057 |
| Brent | Kirkhart | PPS25-0058 |
| Anthony | Ko | PPS25-0230 |
| Michele | Kriner | PPS25-0231 |
| Wyman | Kroft | PPS25-0412 |
| Casey | Lanford | PPS25-0232 |
| Marcus | Lawing | PPS25-0233 |

| | | |
|---|---|---|
| Jennifer | Lecuyer | PPS25-0318 |
| John | Lichtenegger | PPS25-0234 |
| Bryan | Liebhart | PPS25-0235 |
| Bert | Lott | PPS25-0236 |
| Robert | Maliuuk | PPS25-0237 |
| Winnonna | Maliuuk | PPS25-0238 |
| Bonnie | Marvin | PPS25-0239 |
| Michael | McMahon | PPS25-0240 |
| Michael | Meador | PPS25-0241 |
| James | Meadows | PPS25-0242 |
| Krista | Meadows | PPS25-0243 |
| Jerry | Melber | PPS25-0244 |
| Carrie | Melte | PPS25-0245 |
| Eric | Mendenhall | PPS25-0246 |
| Matthew | Millhollin | PPS25-0247 |
| Carla | Monegain | PPS25-0248 |
| Spencer | Montgomery | PPS25-0249 |
| Christopher | Moore | PPS25-0250 |
| Daniel | Moore | PPS25-0251 |
| Michael | Morrison | PPS25-0252 |
| Nancy | Muchnick | PPS25-0253 |
| Kelly | Murski | PPS25-0254 |
| Paul | Nardizzi | PPS25-0255 |
| Lance | Neff | PPS25-0256 |
| Wendy | Neff | PPS25-0257 |

| | | |
|---|---|---|
| Jeremy | Nicholas | PPS25-0079 |
| Aubrianna | Nichols | PPS25-0258 |
| Diana | Nichols | PPS25-0259 |
| Jeffrey | Nichols | PPS25-0260 |
| Carla | Niekamp | PPS25-0359 |
| Michael | Noble | PPS25-0080 |
| Daryl | Oestreich | PPS25-0262 |
| Branson | Oxford | PPS25-0394 |
| Daniel | Owens | PPS25-0263 |
| Craig | Palmer | PPS25-0264 |
| Cynthia | Paris | PPS25-0265 |
| M. Frederick | Parsons | PPS25-0266 |
| Cody | Patton | PPS25-0267 |
| Vincent | Piazza | PPS25-0268 |
| Timothy | Pinney | PPS25-0269 |
| Nancy | Porter | PPS25-0270 |
| Mason | Potter | PPS25-0271 |
| Benjamin | Purser | PPS25-0272 |
| Jason | Ramey | PPS25-0319 |
| Jadyn | Ramey | PPS25-0320 |
| Richard | Ramirez | PPS25-0273 |
| Christopher | Reed | PPS25-0274 |
| Gavin | Rees | PPS25-0275 |
| Lisa | Rees | PPS25-0276 |
| Cheryl | Richey | PPS25-0277 |

| | | |
|---|---|---|
| Chase | Ridgeway | PPS25-0278 |
| Richard | Rober | PPS25-0279 |
| David | Roberts | PPS25-0280 |
| Patricia | Roberts | PPS25-0281 |
| Richard | Ross Jr. | PPS25-0282 |
| Steve | Rozhon | PPS25-0283 |
| Rene Ann | Rulo | PPS25-0284 |
| Robert | Sanders | PPS25-0285 |
| Vincent | Sarelli | PPS25-0286 |
| Tristan | Seaver | PPS25-0287 |
| Westley | Seifert | PPS25-0288 |
| Terri Lynn | Shean-Gilam | PPS25-0289 |
| Katie | Shiflett | PPS25-0290 |
| Kenneth | Short | PPS25-0291 |
| Jordan | Sitarski | PPS25-0292 |
| Thomas | Skinner | PPS25-0293 |
| Bryan | Smith | PPS25-0294 |
| Brian | Smith | PPS25-0295 |
| Garrett | Smith | PPS25-0296 |
| Gean | Smith | PPS25-0297 |
| Katie Jo | Smith | PPS25-0298 |
| Anthony | Spada | PPS25-0299 |
| Melissa | Spencer-Bryant | PPS25-0300 |
| Samuel | Staton | PPS25-0301 |
| Shelby | Stauble | PPS25-0302 |

| | | | | | |
|---|---|---|---|---|---|
| Frances | Stewart | PPS25-0399 | Stephen | Waters | PPS25-0119 |
| Jason | Stoor | PPS25-0303 | Michael | Weaver | PPS25-0311 |
| Steven | Stosur | PPS25-0304 | Ryan E. | Weekley | PPS25-0120 |
| Joshua | Swanson | PPS25-0401 | Austin | Weekley | PPS25-0121 |
| Cody | Swartz | PPS25-0402 | Ryan M. | Weekley | PPS25-0122 |
| Ravon | Swindell | PPS25-0403 | Barbara | West | PPS25-0312 |
| Ramona | Talvacchio | PPS25-0305 | Crystal | Williams | PPS25-0313 |
| Jeffrey | Teitel | PPS25-0306 | Jack L. | Williams | PPS25-0314 |
| John | Thompson | PPS25-0307 | Gregory | Willing | PPS25-0315 |
| John | Udy | PPS25-0308 | Conni | Wilson | PPS25-0128 |
| Robert | Vick II | PPS25-0116 | Edwin | Young | PPS25-0316 |
| Brad | Votaw | PPS25-0117 | Nick | Zotti | PPS25-0317 |
| Zachary | Wakid | PPS25-0309 | | | |
| Ambiko | Wallace | PPS25-0310 | | | |

as private process servers in the above-captioned matter.  In support of said motion, Plaintiff/Petitioner states that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file is current and still correct.

Respectfully Submitted,
Sarah J. Duggan #73687
1600 Genessee St., Ste. 956
Kansas City, MO 64102
Tele: (816) 756-5458
Fax: (816_ 666-9596
sduggan@brownandcurry.com
Attorney for Plaintiff

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Petitioner/Plaintiff's Motion for Appointment of Private Process Server is sustained and that HPS Process Service & Investigations and the above named individuals are hereby appointed to serve process in the above captioned matter.

02/25/2025
DEPUTY COURT ADMINISTRATOR



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>PATRICK CHARLES EDWARDS | Case Number: 2516-CV04651 |
|---|---|
| Plaintiff/Petitioner:<br>STACIE MCCALL | Plaintiff's/Petitioner's Attorney/Address<br>SARAH JESSICA DUGGAN<br>312 W<br>KANSAS CITY, MO 64112 |
| **vs.** | |
| Defendant/Respondent:<br> TRUMAN MEDICAL CENTER, INC.<br>DBA: UNIVERSITY HEALTH - BEHAVIORAL<br>HEALTH SERVICES | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** TRUMAN MEDICAL CENTER, INC.
        **Alias:**
        **DBA: UNIVERSITY HEALTH - BEHAVIORAL HEALTH SERVICES**

**RA: JUSTUS, JOLIE L**
**2301 HOLMES ST**
**KANSAS CITY, MO 64108**

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>25-FEB-2025</u>
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with
_____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

*(Seal)*        **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                                   Date                                Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCS) *For Court Use Only* Document 1 # 25-SMCC-1869 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:25-cv-00218-WBG    Document 1-1    Filed 03/28/25    Page 43 of 48

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

|  |  |
|---|---|
| STACIE MCCALL, | ) |
|         Plaintiff, | ) |
|  | ) |
| v. | )   Case No: 2516-CV04651 |
| TRUMAN MEDICAL CENTER, INC. D/B/A | ) |
| UNIVERSITY HEALTH - BEHAVIORAL | ) |
| HEALTH SERVICES | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
|         Defendant. | ) |

**RETURN OF SERVICE**

Pursuant to Mo.R.Civ.P 54.13, service of Summons and Petition by private process server was executed to Defendant on February 27, 2025, as evidenced by the attached affidavit.

Respectfully submitted,

Sarah J. Duggan #73687
1600 Genessee St., Ste. 956
Kansas City, MO 64102
Tele: (816) 756-5458
Fax: (816_ 666-9596
sduggan@brownandcurry.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

  I hereby certify that on March 10, 2025, the foregoing document was electronically filed with the Clerk of the Court using the electronic filing system which automatically transmits a Notice of Electronic Filing to all counsel of record.

/s/ Sarah J. Duggan
ATTORNEY FOR PLAINTIFFS

Electronically Filed - JACKSON - KANSAS CITY - March 10, 2025 - 10:54 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                    **Circuit Court**

Case Number: 2516-CV04651

Plaintiff/Petitioner:
**STACIE MCCALL**

vs.

Defendant/Respondent:
**TRUMAN MEDICAL CENTER, INC.**

Received by HPS Process Service & Investigations to be served on **Truman Medical Center, Inc., d/b/a University Health – Behavioral Health Services, RA: Jolie Justus, 2301 Holmes Street, Kansas City, MO 64108**.

I, CHRISTOPHER REED, being duly sworn, depose and say that on the **27th day of February, 2025** at **10:40 am, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case; Petition for Damages; Exhibits; Notice of Case Management Conference for Civil Case and Order for Mediation; and Designation of Lead Attorney of Record** to **Amanda O'Neill, Associate General Counsel** at the address of **2301 Holmes Street, Kansas City, MO 64108**.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.


**CHRISTOPHER REED**
Process Server

Subscribed and Sworn to before me on the ___ day
of _____ , _____ by the affiant who is
personally known to me.

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

NOTARY PUBLIC

Our Job Serial Number: HAT-2025003192

JESSICA KIEWEL
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES JULY 18, 2025
CLAY COUNTY
COMMISSION #21819191

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>PATRICK CHARLES EDWARDS | Case Number: 2516-CV04651 |
|---|---|
| Plaintiff/Petitioner:<br>STACIE MCCALL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>SARAH JESSICA DUGGAN<br>312 W<br>KANSAS CITY, MO 64112 |
| Defendant/Respondent:<br>TRUMAN MEDICAL CENTER, INC.<br>DBA: UNIVERSITY HEALTH - BEHAVIORAL<br>HEALTH SERVICES | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** TRUMAN MEDICAL CENTER, INC.
**Alias:**
**DBA:** UNIVERSITY HEALTH - BEHAVIORAL HEALTH SERVICES

RA: JUSTUS, JOLIE L
2301 HOLMES ST
KANSAS CITY, MO 64108

# PRIVATE PROCESS SERVER

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

25-FEB-2025
Date

Clerk

**JACKSON COUNTY**

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to

_____AMANDA O'NEILL_____ (name) ASSOCIATE GENERAL COUNSEL (title).

☐ other _____.

Served at ___2801 HOLMES STREET___ ___KANSAS CITY MO. 64108___ (address)

in ___JACKSON___ (County/City of St. Louis, MO, on ___2-27-25___ (date) at ___10:40___ AM (time).

___CHRISTOPHER REED___          ___Christopher Reed___
Printed Name of Sheriff or Server          Signature of Sheriff or Server

*(Seal)*

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on ___3|6|25___ (date).

My commission expires: ___7|18|25___
Date

___Jessica Kiewel___
Notary Public

---

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ ( ___ miles @ $ ___ per mile) | |
| **Total** | $ _____ | |

JESSICA KIEWEL
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES JULY 18, 2025
CLAY COUNTY
COMMISSION #21819191

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 25-SMCC-1869   1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:25-cv-00218-WBG    Document 1-1    Filed 03/28/25    Page 48 of 48